STELLA ROWY *vs.* COSIMO F. MAINELLA *et al.*

JUNE 18, 1942.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

FLYNN, C. J. This is an action for deceit in connection with false warranties appearing in a deed to real estate. At the trial in the superior court a jury rendered a verdict for the plaintiff for $1300.50 and thereafter the trial justice denied the defendant's motion for a new trial. The case is here

on defendant's exceptions to that ruling and to other rulings made in the course of the trial.

The case was discontinued as to the defendants, Domenico DeCristofaro and Cosimo F. Mainella, because they had died, and the trial proceeded against the defendant Henry J. Belec alone. In the former trial a nonsuit was entered against the plaintiff and her exception thereto was sustained by this court. *Rowy* v. *Mainella*, 64 R. I. 467.

The following facts, among others, appear in evidence. Henry J. Belec, hereinafter called defendant, was treasurer of the Biltmore Land Company, a corporation, which owned a tract of land in Cumberland. This land was subject to a mortgage of $11,500 that had been executed by the defendant on behalf of that company. On August 12, 1925 the company agreed in writing to sell two of the lots within this tract to the plaintiff for $850, payable $100 down and the balance at the rate of $10 per month. This agreement was signed by the defendant as treasurer of the company and it contained the vendor's covenant: "That upon the full payment of the principal sum, and interest as herein provided, said premises shall be conveyed to said purchaser by warranty deed subject only to restrictions of record." The evidence for plaintiff shows that she had been induced to sign this agreement by the defendant, who had sold the lots to her and that he thereafter made the collections of the monthly installments. These payments were entered by defendant in a small book that was delivered to plaintiff to be used for that purpose. It bore the names of Biltmore Land Company and the plaintiff.

In early January, 1926 Biltmore Land Company conveyed by warranty deed, subject to said outstanding mortgage, "the plat and all the accounts receivable", meaning the "contracts and everything" to Providence Land Company, Inc., another corporation, hereinafter referred to as Providence Land Company. This deed was executed by the defendant as treasurer of the Biltmore Land Company. The two companies apparently shared the same reception office and the

same employees; and at least one of the officers of the grantor company was also an officer of the grantee company. The defendant, though not an officer or director of Providence Land Company, personally worked for it. He continued to collect installments from plaintiff under the original contract and to enter the payments in plaintiff's "Biltmore Land Company book", notwithstanding the change in ownership. On several occasions after such change, when plaintiff's husband paid the installments, defendant prepared the checks for his signature by writing in the Biltmore Land Company as the payee. These checks were turned over to and deposited by that company and not by Providence Land Company. No books of either company were produced. Defendant, though treasurer of Biltmore Land Company, did not disclose where its books were located.

On either the first or third of October, 1927, according to plaintiff's evidence, she and her husband went to the company's office, as directed by defendant, to pay the balance in full in order to obtain a warranty deed to the lots; and there they met the defendant and certain representatives of Providence Land Company. Before making final payment, plaintiff's husband inquired of defendant if the title was free and clear and the latter then and there represented that the deed plaintiff was about to receive from Providence Land Company would convey a title free and clear of all incumbrances.

Relying thereon, the plaintiff then paid the balance in full and a deed containing full warranties, as called for by the original contract, was executed and delivered by Providence Land Company. Across the face of this contract was written in ink: "Deeded Oct. 3/27". Subsequently, and unknown to the plaintiff, the owners and holders of the mortgage outstanding on the whole tract, including the two lots thus sold and conveyed to plaintiff, foreclosed such mortgage, which was in default, and thereby deprived the plaintiff of her title. There was evidence from which it could be inferred that defendant knew of that outstanding mortgage when he represented to plaintiff that the deed conveyed a clear title.

The defendant admitted or did not deny many of the material facts stated by the plaintiff and her witnesses; but he denied that he was present when plaintiff received the deed from Providence Land Company, and denied the making of any representation at that time. He also denied that he had sold the lots originally or that he had any connection with Providence Land Company except as a collector. He gave his version of certain apparent inconsistencies between his conduct and his direct testimony with reference to the relationship between the Biltmore Land Company and the Providence Land Company. He also testified that his failure to change the Biltmore Land Company book, that was held by plaintiff, for one of the Providence Land Company, was at the request of plaintiff and her husband.

The defendant in his brief and oral argument relied chiefly upon a contention that the second amended declaration, which is the declaration in the instant case, stated a new and different cause of action from that alleged in the original, and also in the first amended, declaration. However, the bill of exceptions here contains no exception to the ruling permitting the filing of the second amended declaration, after defendant's demurrer to the first amended declaration had been sustained, or to the overruling of the defendant's demurrer to the second amended declaration. The defendant has cited no case or authority, in accordance with which he is entitled to raise, under an exception to the court's denial of his motion for a directed verdict, this question that was argued on his demurrer, but was not included in his bill of exceptions. Therefore we need not consider it.

Under the sixth exception defendant contends that the trial justice erred in denying his motion for a directed verdict. We have examined the evidence and cannot agree with this contention. All of the evidence which was presented in the former trial, as to which we sustained plaintiff's exception to a nonsuit, was substantially repeated in this trial. In addition, there were other circumstances which tended to corroborate and strengthen much of the evidence for the

plaintiff upon certain material issues. If all the evidence and the reasonable inferences therefrom are considered most favorably to the plaintiff, as they must be on such a motion, there were material issues of fact presented thereby which called for determination by the jury in the first instance. We find no merit in this contention and defendant's sixth exception is therefore overruled.

The defendant's exceptions seventh to eleventh, inclusive, relate respectively to the refusal to grant the defendant's second, third, fourth, fifth and sixth requests for instructions. In our opinion, certain of these requests, if given, would have invaded the jury's province; others were not entirely correct statements of the law as applied to the evidence in the case; and still others, though correctly stating the law so far as they went, were not complete and would have been misleading and confusing to the jury. Moreover, upon examination, we find that the substance of these requests, so far as they correctly stated the law applicable to the evidence and pleadings in the case, was given by the trial justice in his general charge, to which no exception was taken. Therefore, exceptions seventh to eleventh, inclusive, are overruled.

The defendant's twelfth exception is to the refusal of the defendant's motion for a new trial, which was based upon the usual grounds. The principal issue of fact was whether the defendant was present when the deed was delivered and whether he falsely and fraudulently then represented to the plaintiff that her title was free and clear, as the contract called for and the deed warranted. This issue was the subject of conflicting evidence. The trial justice in his rescript discussed it and gave us the benefit of his appraisal of the material evidence and the credibility of the witnesses. Apparently having in mind the continuing nature of the defendant's representations in the original contract, and corroboration of the plaintiff's evidence by many circumstances that were admitted or not denied, the trial justice found that the verdict responded to the true merits of the controversy and he expressly approved it. From our examination of his

rescript and the evidence we cannot say that he overlooked any material evidence or misconceived the law applicable thereto. Since we cannot say that the trial justice was clearly wrong in denying defendant's motion for a new trial, his twelfth exception is overruled.

All of the other exceptions were expressly waived or were not briefed or argued and are deemed to be waived.

All of defendant's exceptions are overruled, and the case is remitted to the superior court for entry of judgment on the verdict.

*Fergus J. McOsker,* for plaintiff.

*J. Raymond Dubee, Alfred H. O. Boudreau,* for defendant.